UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MARCUS L. WEAVER, | ) | CASE NO. 1:23-cv-1563 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE BRIDGET MEEHAN BRENNAN |
| v. | ) | |
| | ) | |
| DR. BRANDON ERSTE, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

*Pro se* Plaintiff Marcus L. Weaver filed this action against Grafton Correctional Institution Dentist Brandon Erste. Plaintiff's Complaint is very short. He states that in May 2023, Dr. Erste pulled his tooth and "hit the wrong nerv[e]." (Doc. No. 1 at 5). He claims he can feel nothing on the right side of his lower lip. (*Id.*) He does not indicate the legal claim he is asserting and does not specify the relief he is seeking. (*See id.* at 5.)

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Zagorski v. Haslam*, 741 Fed.Appx. 320, 321 (6th Cir. 2018); *Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks

1

"plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. A plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*. In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *United States ex rel. Ibanez v. Bristol-Myers Squibb Co.*, 874 F.3d 905, 914 (6th Cir. 2017).

   As an initial matter, Plaintiff's Complaint contains very few facts and fails to identify a legal cause of action. To satisfy minimum notice pleading requirements, the Complaint must give the Defendant fair notice of what Plaintiff's legal claims are and the factual grounds upon which they rest. *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008). Because this Complaint lacks both facts and discernable legal claims, it fails to meet the minimum notice pleading requirements. Fed. R. Civ. P. 8.

   It is possible that Plaintiff is attempting to assert a claim under 42 U.S.C. §1983 for deliberate indifference to his serious medical/dental needs under the Eighth Amendment. The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous," nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981).

The Supreme Court in *Wilson v. Seiter*, 501 U.S. 294, 298 (1991), set forth a framework for Courts to use when deciding whether certain conditions of confinement constitute cruel and unusual punishment prohibited by the Eighth Amendment. A Plaintiff must first plead facts which, if true, establish that a sufficiently serious deprivation has occurred. *Id*. Seriousness is measured in response to "contemporary standards of decency." *Hudson v. McMillian*, 503 U.S. 1, 8 (1992). Routine discomforts of prison life do not suffice. *Id*. Only deliberate indifference to serious medical needs or extreme deprivations regarding the conditions of confinement will implicate the protections of the Eighth Amendment. *Id*. at 9. A Plaintiff must also establish a subjective element showing the prison officials acted with a sufficiently culpable state of mind. *Id*. Deliberate indifference is characterized by obduracy or wantonness, not inadvertence or good faith error. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). Liability cannot be predicated solely on negligence or medical malpractice. *Id*. A prison official violates the Eighth Amendment only when both the objective and subjective requirements are met. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

Plaintiff has not alleged sufficient facts to meet the subjective element of an Eighth Amendment claim. He states that he had a tooth pulled and afterward his lip was numb. (Doc. No. 1 at 5.) When a prisoner has received some medical treatment, the claim rises above a medical malpractice claim to a constitutional violation only if he or she can demonstrate that the treatment was "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Terrance v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834, 844 (6th Cir. 2002). Plaintiff's Complaint, however, does not contain sufficient facts to suggest that the treatment he received reached the level of a constitutional violation. Accordingly, he has failed to state a claim for relief under the Eighth Amendment.

At best, Plaintiff's allegations could be construed as an attempt to assert a medical malpractice claim. Malpractice claims arise under state tort law. This Court lacks subject matter jurisdiction over an action based solely on state tort law unless jurisdiction can be based on diversity of citizenship. Diversity of citizenship is not present in this case.

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

**Date:** January 8, 2024

BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE